UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DEXTER DEMETRIC ANDERSON, | § | |
| | § | |
| Petitioner, | § | |
| VS. | § | CIVIL ACTION NO. 4:14-CV-459 |
| | § | |
| WILLIAM STEPHENS, | § | |
| | § | |
| Respondent. | § | |

## OPINION ON DISMISSAL

Petitioner Dexter Demetric Anderson, an inmate currently confined at the Federal Correctional Institution in Danbury, Connecticut, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254 challenging a 1995 state felony conviction for possession of cocaine. (Docket No. 1.)  Respondent has filed a motion to dismiss asserting that the petition is time-barred under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA").  (Docket No. 13.)  Respondent also filed copies of the state court records.  (Docket No. 12.)  Petitioner's response denies that the petition is time-barred and, alternatively, seeks equitable tolling. (Docket No. 14).  Having reviewed the pleadings, the record, and the applicable law, the Court grants Respondent's motion to dismiss.

### I. BACKGROUND

Petitioner pleaded guilty on December 11, 1995, in the 208th District Court of Harris County, Texas, to possession of cocaine and was sentenced to twenty years imprisonment. (Docket No. 12-1 at 33.)  Petitioner promptly brought a direct appeal asserting that his guilty plea was involuntary, but his conviction was affirmed by the Texas First Court of Appeals on December 19, 1996.  *Anderson v. State*, No. 01-96-00125-CR, slip op. (Tex. App.–Houston [1st],

1996, no pet.). Petitioner did not file a petition for discretionary review with the Texas Court of Criminal Appeals.

Petitioner filed his first state habeas petition on September 18, 1997, asserting five grounds for relief.[1] (Docket Nos. 12-6 at 8-21; 12-7 at 16.) This petition was denied on the findings of the trial court without a hearing or written order on August 16, 2000.[2] (Docket No. 12-6 at 2.) Petitioner states that in December of 2005 his attorney tried to obtain transcripts of Petitioner's criminal proceedings but was told by a court clerk that they had been destroyed in 2001; the attorney then informed Petitioner that the records were no longer available. (Docket No. 14 at 7.) Petitioner filed a second state habeas petition on December 23, 2006. (Docket No. 12-10 at 8-16.) Petitioner states that due to the lack of trial court transcripts he only asserted one claim of ineffective assistance of counsel in this petition. (Docket No. 14 at 7.) Petitioner's second state habeas petition was denied on the findings of the trial court without a hearing or written order on May 16, 2007. (Docket No. 12-10 at 2.) Petitioner states that "several years" after his second state habeas petition was denied he became aware that the transcripts from his criminal proceedings were still available. (Docket No. 14 at 8.) Petitioner obtained the transcripts from the Texas First Court of Appeals on July 30, 2012, and on April 7, 2013, he filed a third state habeas petition asserting seven grounds for relief. (Docket No. 12-13 at 5-21.) This

---

[1] Although the petition was not filed until September 30, 1997, under the mailbox rule the petition is deemed filed as of the date it was signed and placed in the mail. (Docket No. 12-6 at 21.)

[2] Petitioner contends that his first state habeas petition was filed on March 15, 1996, shortly before AEDPA went into effect on April 24, 1996. (Docket No. 14 at 6.) However, this assertion is not supported by the state court records submitted here, or by publicly available court records. Moreover, contrary to Petitioner's assertion, this alleged discrepancy has no bearing on the outcome here, because Petitioner's conviction did not become final until well after AEDPA's effective date.**Error! Main Document Only.**

petition was dismissed as successive on July 31, 2013. (Id. at 2.) Petitioner filed the instant federal habeas corpus petition on February 19, 2014. (Docket No. 1.)

## II. ANALYSIS

Respondent moves to dismiss the petition as untimely under the one-year statute of limitations imposed by AEDPA. Petitioner's response to the motion to dismiss asserts that the petition is timely based on AEDPA's statutory tolling provisions. Alternatively, Petitioner seeks equitable tolling based on his alleged confusion regarding the availability of his trial court transcripts. Respondent did not file a reply brief addressing Petitioner's equitable tolling arguments.

Under AEDPA, habeas corpus petitions are subject to a one-year limitations period found in 28 U.S.C. § 2244(d), which provides as follows:

>  (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
>  (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>  (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>  (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>  (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

   (2)  The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1)–(2).  The one-year limitations period under AEDPA became effective on April 24, 1996, and applies to all federal habeas corpus petitions filed on or after that date. *Flanagan v. Johnson*, 154 F.3d 196, 198 (5th Cir. 1998) (citing *Lindh*, 521 U.S. 320).

 A. <u>Start of the Limitations Period</u>

  When a habeas petitioner has pursued relief on direct appeal through his state's highest court, his conviction becomes final ninety days after the highest court's judgment is entered, upon the expiration of time for filing an application for writ of certiorari with the United States Supreme Court.  *Roberts v. Cockrell*, 319 F.3d 690, 693 (5th Cir. 2003).  However, where a defendant stops the appeal process before that point, the conviction becomes final when the time for seeking further direct review in the state court expires.  *Jimenez v. Quarterman*, 555 U.S. 113, 121 (2009); *Roberts v. Cockrell*, 319 F.3d 690, 694 (5th Cir. 2003).  *See also Foreman v. Dretke*, 383 F.3d 336, 338 (5th Cir. 2004) (Section 2244(d)(1)(A) gives alternative routes for finalizing a conviction: either direct review is completed or the time to pursue direct review expires).

  In this case, Petitioner filed a direct appeal and his conviction was affirmed on December 19, 1996.  *Anderson v. State*, No. 01-96-00125-CR, slip op. (Tex. App.–Houston [1st], 1996, no pet.).  Petitioner did not file a petition for discretionary review with the Texas Court of Criminal Appeals and the deadline to do so passed on January 18, 1997, thirty days after his conviction was affirmed.  *See* Tex. R. App. P. 68.2.  Thus, Petitioner's conviction became final on January 18, 1997, and that date marked the start of the one year limitations period under AEDPA pursuant to 28 U.S.C. § 2244(d)(1)(A).

B.  Statutory Tolling

Under 28 U.S.C. § 2244(d)(2), a properly filed application for state post-conviction or other collateral review tolls the limitations period while the state application is pending. Thus, the filing of Petitioner's first state habeas petition on September 19, 1997, tolled the AEDPA limitations period until August 16, 2000, when the petition was denied. At that time, approximately 121 days still remained on the AEDPA limitations period (January 18, 1997 to September 19, 1997, amounts to 244 days, subtracted from 365 equals 121), making Petitioner's federal petition due December 15, 2000. Petitioner's additional state habeas petitions did not toll the limitations period because they were filed well after the remainder of the one year period allowed by AEDPA had passed.[3] Because Petitioner's federal petition was not signed until February 19, 2014, it was more than thirteen years too late even considering statutory tolling.

C.  Equitable Tolling

Petitioner's memorandum opposing Respondent's motion to dismiss asserts that equitable tolling is justified here. Petitioner contends that he diligently pursued his claims but was hindered in filing his federal petition by misinformation regarding the availability of his trial court transcripts. Petitioner further asserts that he could not have discovered his present claims without those records. Respondent has not replied to Petitioner's equitable tolling argument.

"The doctrine of equitable tolling preserves a plaintiff's claims when strict application of the statute of limitations would be inequitable." *United States v. Patterson*, 211 F.3d 927, 930-

---

[3] Even if the limitations period here was tolled during the pendency of Petitioner's second and third state habeas petitions, his present petition would still be untimely. Moreover, Petitioner's assertions that his present petition is timely because he filed his first state habeas petition before the federal limitations period expired (Docket No. 14 at 16), and because his present petition was filed within one year after his last state habeas petition was dismissed (Docket No. 1 ¶ 26) are clearly without merit and show an apparent misunderstanding of how the limitations period under AEDPA operates. Such ignorance of the law, however, does not excuse Petitioner's non-compliance. *Fierro v. Cockrell,* 294 F.3d at 682.

31 (5th Cir.2000) (quoting *Davis v. Johnson*, 158 F.3d 806, 810 (5th Cir.1998)). Equitable tolling applies only in cases presenting "rare and exceptional circumstances." *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir.1999). "Equitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Id*. (quoting *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir.1996)). "A petitioner's failure to satisfy the statute of limitations must result from external factors beyond his control; delays of the petitioner's own making do not qualify." *In re Wilson*, 442 F.3d 872, 875 (5th Cir. 2006). Ignorance of the law or excusable neglect is not a justification for equitable tolling, *Fierro v. Cockrell,* 294 F.3d 674, 682, and "[e]quity is not intended for those who sleep on their rights." *Fisher v. Johnson,* 174 F.3d 710, 713 n. 11 (5th Cir. 1999) (quoting *Covey v. Arkansas River Co.,* 865 F.2d 660, 662 (5th Cir. 1989)). The petitioner bears the burden of establishing that equitable tolling is warranted. *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000), *modified on reh'g*, 223 F.3d 797 (5th Cir. 2000).

Petitioner has not presented any persuasive argument for equitable tolling. Petitioner's assertion that he mistakenly believed his trial court records were unavailable is not compelling because Petitioner has not shown that he was prevented from discovering the factual basis for any of his present claims prior to expiration of the limitations period here. In fact, Petitioner's first state habeas petition asserted essentially the same claims raised here. (Docket No. 12-6 at 4-21.) And, Petitioner had over four months after his first state habeas petition was denied to pursue those claims here. Moreover, even if the Court were to accept Petitioner's story that he was told that his trial records were destroyed, this allegedly occurred in December of 2005 and Petitioner filed a second state habeas application a year later which was denied on the merits on

May 16, 2007.  Petitioner does not explain why he did not promptly pursue the claim from his second state habeas petition in this court after it was denied by the state courts.  Finally, although Petitioner states that he received copies of his trial court transcripts on July 30, 2012, he did not file his third state habeas petition until April 7, 2013, over nine months later.  And, after that petition was dismissed as a subsequent application on July 31, 2013, Petitioner waited an additional six months before filing his petition here.

In sum, the record not only fails to show that Petitioner was hindered in any way from ascertaining or pursuing his present claims, it also shows that at virtually every turn Petitioner slept on his rights for a period of over thirteen years.  Thus, Petitioner is not entitled to equitable tolling and his petition must be dismissed as time-barred.

### III.  CERTIFICATE OF APPEALABILITY

A certificate of appealability from a habeas corpus proceeding will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  This standard "includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotations and citations omitted).  In other words, the petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  *Id.*; *Beazley v. Johnson*, 242 F.3d 248, 263 (5th Cir. 2001).  When denial of relief is based on procedural grounds, the petitioner must not only show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling."  *Beazley*, 242 F.3d at 263 (quoting *Slack*, 529

U.S. at 484); *see also Hernandez v. Johnson*, 213 F.3d 243, 248 (5th Cir. 2000). A district court may *sua sponte* deny a certificate of appealability, without requiring further briefing or argument. *Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000).

Because the record does not show that reasonable jurists would find the Court's procedural ruling here debatable, a certificate of appealability from this decision will be denied. However, Petitioner may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22.

## IV.  CONCLUSION

Accordingly, the Court ORDERS that:

1. Petitioner's application for a writ of habeas corpus is DENIED.

2. Respondent's Motion to Dismiss (Docket No. 13) is GRANTED, and this action is DISMISSED, with prejudice, as untimely pursuant to 28 U.S.C. § 2244(d).

3. A certificate of appealability is DENIED.

4. All other pending motions, if any, are DENIED.

The Clerk will provide copies to the parties.

SIGNED at Houston, Texas, this 30th day of March, 2015.

_____
MELINDA HARMON
UNITED STATES DISTRICT JUDGE